## (October 16, 1974)

■ In the Matter of MARIO BIAGGI, Respondent, v. FRANCIS L. McHUGH, Appellant.— Judgment, Supreme Court, Bronx County, entered on October 7, 1974, affirmed, without costs and without disbursements. Concur — Markewich, J. P., Murphy, Lane and Yesawich, JJ.; Steuer, J., dissents in the following memorandum: I would reverse and dismiss the petition. An analysis of the irregularities shows no clear indication that the defeat of the petitioner was thereby effected.

■ In the Matter of MIGUEL CALDERON, Respondent, v. SALVATORE SCLAFANI et al., Respondents, and ANGELO DEL TORO, Appellant.— Judgment, Supreme Court, New York County, entered on October 15, 1974, affirmed, without costs and without disbursements. Concur — Kupferman, J. P., Murphy and Yesawich, JJ.; Lupiano and Capozzoli, JJ., dissent in the following memorandum: We dissent. It is our view that the evidentiary basis delineated in the referee's report as warranting a new election does not come within the ambit of *Matter of Lowenstein* v. *Larkin* (40 A D 2d 604, affd. 31 N Y 2d 654).

## (October 17, 1974)

■ In the Matter of the Dissolution of MAYFLOWER DRESS CO., INC. Appellant. CHARLES MELTZER et al., Respondents.— Order, Supreme Court, New York County, entered July 29, 1974, unanimously modified, on the facts and the law, to refer the petition to a Special Referee of the Supreme Court rather than a private referee, and except as so modified, affirmed, without costs and without disbursements. A private referee may be appointed in the circumstances present only upon consent (*Werner* v. *Jocelyn-Varn Oil Co.*, 30 A D 2d 648; *Brooks, Hampton, Levy and Walker, Inc.* v. *Balaban*, 22 A D 2d 679). The evidence of consent is too tenuous to survive denial. Concur — Nunez, J. P., Murphy, Steuer and Lane, JJ.